## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| THE ESTATE OF PETER PAUL FAUST, Deceased, by and through his personal representative, TAYLOR JOSEPH FAUST, on behalf of the heirs of PETER PAUL FAUST, | CV 14-97-BLG-BMM |
| Plaintiff, | **ORDER** |
| vs. | |
| STRATA CORPORATION, a North Dakota Corporation, | |
| Defendant. | |

Plaintiff has moved for an order precluding the Defendant Strata Corporation (Strata) from presenting the testimony of Brad Eriksen, in support of any motion or at trial, on grounds Strata failed to timely disclose Eriksen as a person with discoverable information as required under Fed. R. Civ. P. 26. Strata opposes the motion. Strata argues that its disclosure of Eriksen was not untimely, and even if it was, Plaintiff has suffered no prejudice. The Court conducted a hearing on the motion on May 12, 2016.

## BACKGROUND

Strata served Plaintiff with a Supplemental Disclosure under Rule 26(a)(1)(A) on December 11, 2015 (the day discovery closed). (Doc. 61-1). The

Supplemental Disclosure identified Brad Eriksen of Thief River Falls, MN as a person who may have discoverable information in this case. (Doc. 61-1 at 3).

Eriksen serves as the Mine Safety and Health Administration Coordinator in the Center for Outreach & Innovation Department at Northland Community & Technical College. Eriksen had provided safety training to Strata employees, including Peter Faust on April 2, 2012, approximately four months before the accident at issue in this case. Strata was aware that Eriksen had provided safety training to Strata employees no later than June 2015.

Strata contacted Eriksen in June 2015 to inquire about the safety training he had provided. Although Eriksen had been known to Strata months before the discovery deadline, Strata failed to disclose Eriksen as a person who may have discoverable information until the final day of discovery.

On January 11, 2016, (one month after the discovery deadline), Strata filed a motion for summary judgment (Doc. 53), and a Statement of Undisputed Facts (Doc. 55). Strata described information known to Eriksen in its Statement of Undisputed Facts. (Doc. 55 at 17). Strata attached Eriksen's affidavit to its Statement of Undisputed Facts. (Doc. 55-28).

## <u>DISCUSSION</u>

Rule 26(a) requires parties to make initial disclosures that include, among other things, the identities of individuals likely to have discoverable information, along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. 26(a)(1)(A)(i). The parties must supplement these disclosures "in a timely manner" if they are incomplete or incorrect and if the additional or corrective information is not otherwise made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c)(1) provides that a party who fails to make the disclosures required by Rule 26(a) or (e), "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden of proof falls on the party who failed to make a proper Rule 26 disclosure to prove that the failure to disclose was substantially justified or harmless. *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F. 3d 1101, 1107 (9th Cir. 2001). District Courts have wide latitude in determining an appropriate sanction under Rule 37(c)(1). *Id*. at 1106.

Strata provides no substantial justification for its tardy disclosure of

Eriksen.  The failure to timely disclose Eriksen was not harmless.  By failing to disclose Eriksen until the final day of discovery Strata effectively denied Plaintiff the opportunity to depose Eriksen, or otherwise conduct discovery regarding the safety training he had provided to Strata employees on April 2, 2012.

Accordingly, IT IS ORDERED:

1.     Plaintiff's Motion to Exclude the Testimony of Brad Eriksen (Doc. 57) is GRANTED.

2.     Eriksen's affidavit (Doc. 55-28) will be stricken from the record.

3.     Eriksen may not participate as a witness in this case.

DATED this 26th day of May, 2016.

_____

Brian Morris
United States District Court Judge